904 F.2d 701
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re PSLJ, INC., Debtor.
William H. COFFEY, Plaintiff-Appellant,
v.
PSLJ, INC., Defendant-Appellee.
 No. 89-2863.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 17, 1990.
Decided: May 24, 1990.
Rehearing and Rehearing In Banc Denied June 20, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Joseph C. Howard, District Judge. (CA-89-3163-JH).
 Herbert A. Terrell, Speights & Micheel, Washington, D.C., for appellant.
 Curtis C. Coon, Sandon L. Cohen, Cohan and Francomano, P.C., Baltimore, Md., for appellee.
 D.Md.
 AFFIRMED.
 Before PHILLIPS, MURNAGHAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 In a case arising in bankruptcy, William H. Coffey asserted several claims against the debtor, PSLJ, Inc., in the United States Bankruptcy Court for the District of Maryland. Judge James F. Schneider, after a full trial, dismissed the case on several grounds. After noting an appeal, Coffey neglected to file his brief within the time allowed. Failure to do so by Bankruptcy Rule 8001(a) exposed Coffey to such action as should be deemed appropriate, including dismissal of the appeal. After the passage of the due date for filing a brief, the district court dismissed the appeal for lack of prosecution.
 
 
 2
 Coffey now appeals, emphasizing that he was only "a few days late" and urging the absence of bad faith, negligence, or indifference on his part. A review of the record, however, reveals a pattern of conduct not conducive to relief from Coffey's failure to cut square corners. A transcript which he deemed necessary was ordered by him in too short a time to receive it for timely filing. When the time for the filing of the brief expired, Coffey neglected to seek an extension of time. There are other aspects suggestive of something more than indifference, amounting to negligence on Coffey's part.
 
 
 3
 A bankruptcy matter has, in a great proportion of the cases, a greater, a heightened need for promptness of action. It is a time-honored statement that "justice delayed is justice denied," and the truth of the saying has particular application to a dilatory party in a bankruptcy proceeding. Grounds existed sufficient to make the court's determination to dismiss his appeal no abuse of discretion. The receipt now of a motion on Coffey's behalf for leave to file a reply brief out of time provides no occasion for changing our conclusion. Indeed, it reinforces it. Leave to file the reply brief out of time is denied.
 
 
 4
 Since the briefs (timely or not) and record have been sufficient to familiarize us with the case, we dispense with oral argument. Accordingly, the judgment is
 
 
 5
 AFFIRMED.